UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDELIZA ORTEGA, Individually and as Mother of ADRIAN ORTEGA, a Minor, </br></br>Plaintiff, </br></br>v. </br></br>THE UNITED STATES OF AMERICA, </br></br>Defendant. | No. 16 C 5475 </br></br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Indeliza Ortega ("Plaintiff") brings this action against the United States of America ("the Government"), alleging that its physicians breached their duty of care and are responsible for the permanent injuries suffered by Adrian Ortega, Plaintiff's son, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (R. 1, Compl.) Presently before the Court is the Government's motion to dismiss Plaintiff's claim for Adrian's medical expenses pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 4, Mot.) For the reasons stated below, the motion is denied.

## RELEVANT FACTS

On April 16, 2012, Plaintiff, who at that time was pregnant, made her initial prenatal visit to Chicago Family Health Center ("FHC"), a designated federally qualified health center. (R. 1, Compl. ¶ 3; R. 1-2, Certificate of Merit at 1.) FHC was to provide professional medical, prenatal, obstetric, and nursing care to Plaintiff. (R. 1, Compl. ¶ 5.) During her initial visit, FHC's physicians noted several obstetrical risk factors, including advanced maternal age, obesity, and chronic essential hypertension. (R. 1-2, Certificate of Merit at 1.) Plaintiff's early examinations

were otherwise unremarkable. (*Id.*) However, during her third trimester, Plaintiff demonstrated a potential for fetal macrosomia, or high birth weight, based on significant discrepancies between the fetus's gestational age and fundal height progression. (R. 1, Compl. ¶ 9.) However, Plaintiff was not counseled regarding the risks of natural childbirth with fetal macrosomia, nor was she offered a cesarean delivery. (*Id.*) When Plaintiff went into labor on November 19, 2012, her doctors noted signs of fetal distress that are highly indicative of potential birth asphyxia. (R. 1-2, Certificate of Merit at 1.) However, Plaintiff's physicians did not perform a cesarean section, and complications and injuries sustained during child birth left her son with severe brain injury, permanent developmental delays, and neurologic injuries. (R. 1, Compl. ¶¶ 9-10.)

## PROCEDURAL HISTORY

On November 5, 2014, within two years after Adrian's birth, Plaintiff filed a Standard Form 95 ("SF-95") with the U.S. Department of Health and Human Services ("HHS"), claiming damages in the amount of $18,000,000. (R. 5-1, SF-95.) The claimant listed on the SF-95 was "Adrian Ortega, minor, by his mother and next friend, Indeliza Ortega," and the form was signed by Emilio E. Machado, an attorney retained by Plaintiff. (*Id.*) Plaintiff attached medical records, medical bills, and a physician's report to her SF-95. (*Id.*) On December 18, 2015, HHS sent a letter denying Plaintiff's claim. (*See* R. 8-3, Denial Letter.)

Plaintiff filed this action under the FTCA on May 23, 2016. (R. 1, Compl.) Plaintiff claims that the Government, through its employees at FHC, breached its duty of care by failing to properly consider potential risks for the fetus and declining to perform a cesarean delivery. (*Id.* ¶¶ 9-10.) Plaintiff asserts that Adrian suffered severe and permanent brain damage, multiple developmental delays, and neurologic injuries by her physicians' failure. (*Id.* ¶ 10.) Plaintiff

2

seeks medical expenses for Adrian's care on her own behalf, as well as damages for Adrian's pain and suffering, loss of a normal life, and lost income on his behalf. (*Id.*)

On August 5, 2016, the Government filed the present motion to dismiss for failure to state a claim. (R. 4, Mot.) The Government argues that because Plaintiff failed to file an administrative claim on her *own* behalf, she has not exhausted her administrative remedies as required under 28 U.S.C. § 2675(a). (R. 5, Mem. at 2.) Accordingly, because only she can recover for Adrian's medical expenses and not Adrian himself, the Government argues that this claim must be dismissed. (*Id.*) Plaintiff responds that because she gave the Government constructive notice of her intent to pursue her claim for the medical expenses she incurred for her minor son, she has satisfied § 2675(a). (R. 8, Resp. at 1–2.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation and internal alteration omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion under Rule 12(b)(6), the Court must "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016). The Court may consider allegations in the complaint, "documents that are attached to the

complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## ANALYSIS

As a preliminary issue, the Government argues that Adrian has no personal cause of action to recover medical expenses on his own behalf because, under Illinois law, only parents may recover medical expenses incurred for their minor children in their individual capacities.[1] (R. 5, Mem. at 7.) Plaintiff does not respond to this argument.

Under the FTCA:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). Therefore, to establish whether and to whom the Government is liable for Adrian's medical expenses, the Court must look to Illinois law as the alleged negligence took place in Illinois. *See Luna v. United States*, 454 F.3d 631, 634 (7th Cir. 2006) (applying Illinois law in an FTCA negligence case when the injury took place in Illinois).

Illinois's Rights of Married Persons Act, known as the family expense statute, includes a provision which states that:

> The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately.

---

[1] The Government's motion does not address Adrian's claims for pain and suffering, loss of a normal life, or lost income, nor does it object to Plaintiff's argument that "the claim on behalf of Adrian was timely and will proceed at the present time regardless of this court's decision with regard to Indeliza's claim." (R. 8, Resp. at 1.)

4

750 ILL. COMP. STAT. 65/15. "[I]t is well established . . . that under the family expenses statute, parents are liable for the medical expenses of their minor children." *Manago ex rel. Pritchett v. Cty. of Cook*, 57 N.E.3d 701, 712 (Ill. App. Ct. 2016) (internal quotation marks omitted). Thus, under Illinois law, only parents may bring claims to recover medical expenses incurred in treating a minor child, as parents are the ones responsible for such expenses. *See Primax Recoveries, Inc. v. Atherton*, 851 N.E.2d 639, 642-43 (Ill. App. Ct. 2006) (explaining that because parents are ultimately responsible for payment of minors' medical bills, reimbursement of those bills only benefits the parents and not the minors directly). Because the cause of action belongs to the parents, "if the parents are not entitled to recover, neither is the child." *Bauer ex rel. Bauer v. Mem'l Hosp.*, 879 N.E.2d 478, 502 (Ill. App. Ct. 2007). Thus, since Illinois law governs this FTCA suit, only Plaintiff, Adrian's mother, may bring a claim to recover medical expenses resulting from Adrian's injuries. Accordingly, to the extent that Plaintiff's complaint included a claim for medical expenses on Adrian's behalf, the claim fails under Illinois law.

Regarding Plaintiff's own claim for Adrian's medical expenses, the Government argues that she did not exhaust her own claim at the administrative level, as required by the FTCA, because she did not list herself as a claimant on the SF-95 or file one on her own. (R. 5, Mem. at 2-6.) Under the doctrine of sovereign immunity, the United States cannot be sued "absent a consent to be sued that is unequivocally expressed." *United States v. Bormes*, 133 S. Ct. 12, 16 (2012) (citation and internal quotation marks omitted). The FTCA expressly waives the sovereign immunity of the United States in torts suits resulting in injury, loss of property, or death "caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment." *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013) (citation

and internal quotation marks omitted). Section 2675(a) of the FTCA, however, establishes an administrative exhaustion requirement before such a suit can be initiated. That Section provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The U.S. Department of Justice has issued a regulation defining such a claim as having four elements: "(i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) (citing 28 C.F.R. § 14.2(a)).

Several Circuits consider Section 2675(a)'s exhaustion requirement to define the court's subject-matter jurisdiction over an FTCA action. *See, e.g.*, *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The U.S. Court of Appeals for the Seventh Circuit, by contrast, has struck a different course and "no longer treats § 2675(a) as a jurisdictional prerequisite." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). Instead, "it is better characterized as a 'condition precedent to the plaintiff's ability to prevail.'" *Id.* (quoting *Kanar*, 118 F.3d at 530). As a result, the Seventh Circuit has found that would-be FTCA plaintiffs need not "comply with every jot and tittle" of 28 C.F.R. § 14.2(a), and "[s]o long as the proper agency had the opportunity to settle the claim for money damages before the point of suit, . . . technical deficiencies in the administrative claim could well be a case of 'no harm, no foul.'" *Id.* at 787 (alteration, citations, and internal quotation marks omitted). If "noncompliance does not hinder

the settlement process that a claim is supposed to initiate," it does not foreclose litigation under the FTCA. *Kanar*, 118 F.3d at 531; *see also McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993) (describing the history of Section 2675(a)'s administrative exhaustion requirement and identifying its main purpose as providing the government with an opportunity to expeditiously settle claims prior to litigation).

The Seventh Circuit has held that a claimant has satisfied § 2675(a) when she requests a certain sum of money and puts the Government on sufficient notice that allows the Government to investigate the claim and prepare for settlement negotiations. *Palay v. United States*, 349 F.3d 418, 426 (7th Cir. 2003) ("[A]ll that is required is 'sufficient notice to enable the agency to investigate the claim.' "); *Glade ex rel. Lundskow v. United States*, 831 F. Supp. 2d 1055, 1060 (N.D. Ill. 2011), aff'd, 692 F.3d 718 (7th Cir. 2012) ("A claim is exhausted at the administrative level when the 'pertinent facts' of the claim have been pled, giving the administrative agency 'sufficient notice' to investigate the claim, and the agency either denies the claim in writing or fails to make a final disposition within six months after its filing." (citation omitted)). Mere technical deficiencies in the administrative claims are "a case of no harm, no foul," as long as "the proper agency had the opportunity to settle the claim for money damages before the point of suit." *Smoke Shop*, 761 F.3d at 786-87 (internal quotations omitted). A missing element of a claim as defined in 28 C.F.R. § 14.2(a) is "only fatal if it can be said to have hindered or thwarted the settlement process that Congress created as a prelude to litigation." *Id.* at 787 (alteration, citation, and internal quotation marks omitted).

In short, the Seventh Circuit's more flexible approach does not entirely do away with Section 2675(a)'s exhaustion requirement, but instead puts the focus squarely on whether a claimant has provided sufficient information to the government to facilitate settlement

negotiations. While Plaintiff clearly did not comply with every "jot and tittle" of Section 2675(a) in this case, the question remains whether the SF-95 that she did submit contains the necessary information to serve Section 2675(a)'s purposes.

In its motion, the Government first argues that Section 2675(a)'s exhaustion requirement must be strictly enforced because, by waiving sovereign immunity, it defines and limits a federal court's jurisdiction to hear suits against the United States. (R. 5, Mem. at 3.) As set forth above, this is simply not the case under the governing Seventh Circuit precedent. However, the Government also argues that Plaintiff failed to present her claim at all, as she did not identify herself as a claimant on the SF-95. (*Id.* at 4.) Plaintiff counters that, by submitting a claim on behalf of Adrian, who cannot recover his own medical expenses, and attaching medical bills in support of the claim listed on the SF-95, she provided HHS with sufficient information to investigate and explore settlement. (R. 8, Resp. at 7.) The Government responds that the SF-95 did not sufficiently present Plaintiff's individual claim. (R. 9, Reply at 2-7.)

The Government's arguments proceed almost exclusively through analogizing the facts of this case to those of cases in other districts. In particular, the Government relies upon *Knight v. United States*, No. 08 C 1976, 2009 WL 1408524 (M.D. Pa. May 19, 2009), in which the district court dismissed the plaintiffs' individual claims for their child's medical expenses for failure to properly present their claim under Section 2675(a). (R. 9, Reply at 2-3.) In *Knight*, the parents alleged that their son had suffered injuries due to the negligence of a physician employed by the federal government. *Knight*, 2009 WL 1408524, at *1. They submitted an administrative claim on their son's behalf, but did not list themselves as claimants. *Id.* at *2-3. When they filed their complaint, the parents included two claims on their own behalf, including one to recover for their son's medical expenses. *Id.* at *1. Ultimately, the *Knight* court dismissed the parents'

claims, finding that "[t]he administrative claim does not identify the parents as individual plaintiffs, nor does it raise the individual injuries alleged in" the parents' claims for damages on their own behalf. *Id.* at *3. The Government argues that Plaintiff's claim to have given notice of her claim is "actually *less* compelling" than that of the parents in *Knight*, as the SF-95 here did not explicitly state that anyone was seeking to recover medical expenses, but instead "merely stated 'see attached medical records and bills,' and attached some medical bills." (R. 9, Reply at 3.)

Despite the Government's claim that *Knight* is "on all fours with this case" and "is not distinguishable," (*id.*), the Court finds that *Knight* has little bearing on the present case. Most significantly, the *Knight* court sits in the U.S. Court of Appeals for the Third Circuit, which has explicitly rejected a "no harm, no foul" reasoning in FTCA cases. *See Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 793-94 (3d Cir. 1994). As described above, the Seventh Circuit takes a more functional approach and considers claims exhausted so long as the agency has received notice of the relevant facts and a demand for money damages. *Smoke Shop*, 761 F.3d at 787. In light of this difference, it is unsurprising that the *Knight* court found that the parents' failure to identify themselves as individual plaintiffs warranted dismissal of their claims—they made a mistake in exhausting their claims, and so regardless of whether these claims were implicit in the administrative filing, they had not been exhausted. In this Circuit, where the important question is whether the agency was given a chance to investigate and settle, such all-or-nothing reasoning is not particularly helpful. *Knight* does not consider whether the parents' claims were suggested by the facts set forth in the administrative filing, nor did it consider whether the agency had enough information to proceed in full awareness of what was at stake in the case. Because the governing precedents in this Circuit require more nuance in determining whether a claim has

been exhausted, *Knight* is inapposite. *See Khan v. United States*, 808 F.3d 1169, 1172-73 (7th Cir. 2015) ("All that must be specified . . . is facts plus a demand for money; if those two things are specified, the claim encompasses any cause of action fairly implicit in the facts." (citation and internal quotation marks omitted)).

The Government also likens this case to a 40-year-old decision from the Southern District of California, *Green v. United States*, 385 F. Supp. 641 (S.D. Cal. 1974), in which a court dismissed a mother's individual claim to recover medical expenses incurred by her daughter because only the daughter had filed an administrative claim. (R. 5, Mem. at 4-5.) As with *Knight*, *Green* is distinguishable. The *Green* court, following the law of the U.S. Court of Appeals for the Ninth Circuit, dismissed the mother's claim because "[i]t has become axiomatic that the filing of an administrative claim is a jurisdictional prerequisite to the maintenance of a suit under the [FTCA]." *Green*, 385 F. Supp. at 644 (citing *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974)). As described above, the Seventh Circuit has found that compliance with Section 2675(a) is not a jurisdictional prerequisite. Further, the Government correctly observes that the *Green* court considered the issue of notice, finding that even if the mother had given constructive notice this was "not sufficient to avoid the jurisdictional administrative claim requirements of [Section 2675(a)]." *Id.* However, that court also suggested that such notice was not sufficient to constitute a claim, implying that the court would lack jurisdiction in any case where a formal claim process were not followed even if it had received written notice of the facts and money demanded. *See id.* This is expressly contrary to Seventh Circuit precedent. *See, e.g.*, *Khan*, 808 F.3d at 1171-72 (treating a letter complaining about treatment by federal officers as a claim); *Smoke Shop*, 761 F.3d at 787 (finding that plaintiff's Federal Rule of Criminal Procedure 41(g) motion "certainly satisfied" three requirements of FTCA claim but failed to demand money damages); 28 C.F.R. §

14.2(a) (defining a claim as "an executed Standard Form 95 *or other written notification of an incident*" (emphasis added). Because the Seventh Circuit only requires that the government receive notice of a claim with a demand for money damages in order to satisfy Section 2675(a)'s exhaustion requirement, the Court finds *Green* unpersuasive on this issue.

Under the facts in this case, the Court finds that Plaintiff properly exhausted her claim. Plaintiff used the proper form, and the SF-95 lists as claimants "Adrian Ortega, minor, by his mother and next friend, Indeliza Ortega." (R. 5-1, SF-95.) In the box for describing the "nature and extent of each injury or cause of death, which forms the basis of the claim," Plaintiff lists injuries to Adrian and directs the reader to "see attached medical records and bills." (*Id.*) Finally, the SF-95 reflects that the total amount of damages sought by Plaintiff was $18 million for personal injuries. (*Id.*) The form did not provide a space to distinguish between different classes of damages within the category of personal injury.

The Court acknowledges that Plaintiff could have made more clear on her SF-95 that she sought to recover damages for Adrian's medical bills on behalf of herself. She could have listed her name on a separate line in the claimant box or she could have signed the form herself rather than allowing her attorney to do so. The Government suggests that these two differences, along with the usage of the word "us" in the SF-95, are the only relevant differences between this case and *Danowski v. United States*, 924 F. Supp. 661 (D.N.J. 1996), where a court found that the plaintiff had exhausted his administrative remedies under the FTCA on very similar facts. (R. 5, Mem. at 5-6; R. 9, Reply at 4.) Even if these differences do distinguish *Danowski*, another decision from outside this Circuit, the Court does not find that Plaintiff's failures were significant enough to impede the government's investigation and potential settlement of

Plaintiff's claim for Adrian's medical expenses. *See Smoke Shop*, 761 F.3d at 787 (citation omitted).

The Government points to HHS's letters to Plaintiff's attorney as evidence that it "believed that *only Adrian* was pursuing an administrative claim," as one acknowledged receipt of an administrative claim submitted by Plaintiff "as mother and next friend" of her son and the other stated that Plaintiff had "filed an administrative claim on behalf of her son." (R. 9, Reply at 6 (quoting R. 8-2, Receipt Letter; R. 8-3, Denial Letter).) The Government argues that these letters show that HHS did not understand that Plaintiff sought to recover Adrian's medical expenses herself, it could not have known that Plaintiff contemplated a suit on her own behalf. (*Id.*) The Court finds this argument unpersuasive, as the letters also refer to "your client, Indeliza Ortega's administrative tort claim," (R. 8-2, Receipt Letter), and state that "your client Indeliza Ortega filed an administrative claim on behalf of her son," (R. 8-3, Denial Letter). Because the letters show that HHS knew of Plaintiff's relation to Adrian, and was aware that she had incurred medical bills on his behalf, the Court finds that it possessed all the information necessary to investigate and potentially settle Plaintiff's claim if it saw fit to.[2]

In addition, it appears that HHS *did* investigate Plaintiff's claim and determined that it did not want to settle with her because it believed that it would prevail on the merits. In its denial letter, HHS stated that "[t]he claim of Indeliza Ortega, on behalf of A. Ortega, is denied. The evidence fails to establish that the alleged injuries resulted from any negligent or wrongful act or omission of a federal employee acting within the scope of employment." (R. 8-3, Denial Letter.)

---

[2] The Court notes that whether the Government actually recognized that Plaintiff had submitted her claim is not relevant. All that Section 2675(a) asks is whether Plaintiff gave sufficient information to put the Government on notice. *Palay*, 349 F.3d at 426 ("[A]ll that is required is sufficient notice to enable the agency to investigate the claim." (citation and internal quotation marks omitted)). As long as "the claim would have been apparent to a 'legally sophisticated reader,' " the agency is deemed to be on notice of that claim and the Section 2675(a) exhaustion requirement is satisfied. *Id.* (citation omitted).

In light of the letter, the Court is skeptical that more detail on the SF-95 form would have substantially changed the Government's investigation or willingness to settle.

Finally, the Government argues that "[e]ven if HHS had been able to divine from the medical bills attached to Adrian's SF-95 that Plaintiff might possibly want to pursue a claim for medical expenses, HHS had no 'duty to go out and solicit an administrative claim to ensure that the jurisdictional prerequisite to suit by the claimant is properly laid.' " (R. 9, Reply at 7 (quoting *Green*, 385 F. Supp. at 644).) While it is true that HHS need not solicit claims against it, this argument misses the point: the SF-95 constituted a claim under Section 2675 as interpreted by the Seventh Circuit. A claimant need only specify "facts plus a demand for money; if those two things are specified, the claim encompasses any cause of action fairly implicit in the facts." *Khan*, 808 F.3d at 1173 (citation and internal quotation marks omitted). By submitting the medical records and bills, Plaintiff specified the facts on which her claim is based; by demanding $18 million, and by providing bills setting forth the specific sums of all relevant medical costs, she made a demand for specific sums of money. (R. 5-1, SF-95.) Having provided this information to HHS, Plaintiff submitted a claim for purposes of the FTCA.

By seeking medical expenses on her child's behalf, when only she can recover them under Illinois law, Plaintiff's claim for medical expenses is clearly a "cause of action fairly implicit in the facts." *Khan*, 808 F.3d at 1173 (citation omitted). To find otherwise would be endorsing pure formalism without any purpose. For these reasons, the Government's motion is denied.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (R. 4) is DENIED. The parties shall appear for a status hearing on November 22, 2016, at 9:45 a.m. The parties are DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities.

ENTERED: /s/ Rubén Castillo
Chief Judge Rubén Castillo
United States District Court

**Dated: October 21, 2016**